UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARIS PETE,

                      Plaintiff,

     v.

KING COUNTY,

                      Defendant.

CASE NO. C17-909-RAJ-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

Pro se plaintiff Laris Pete, who is currently confined at the King County Jail, has filed a

28 U.S.C. § 1983 prisoner civil rights complaint.  Dkt. 1-1.  The Court declines to serve the

complaint because it contains fatal deficiencies that, if not addressed, might lead to a

recommendation of dismissal of the entire action for failure to state a claim upon which relief

may be granted.  However, because plaintiff is proceeding *pro se*, he is granted leave to file an

amended complaint or to show cause why his claim should not be dismissed by **July 21, 2017.**

**Any amended complaint will operate as a complete substitute for all previously filed**

**complaints; plaintiff's previous complaint will not be considered**.

## BACKGROUND

Mr. Pete contends he was falsely accused of assault in the third degree and a felony

violation of a no contact order.  Dkt. 1-1.  He contends he was accused of barricading himself,

his children, and their mother in their mother's apartment; and he was tear-gassed. *Id.* He seeks

compensation for "being splashed all over the news," for being tear-gassed and incarcerated, for

having his children removed and placed in the custody of Child Protective Services, for losing

his housing, for loss of wages, and for pain and suffering. *Id.*

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a

violation of rights protected by the Constitution or created by federal statute, and (2) the

violation was proximately caused by a person acting under color of state or federal law. *See*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.    King County as Defendant**

Plaintiff has named King County as a defendant, but he fails to plead facts linking the

county to any misconduct. If plaintiff intends to pursue a claim against King County, he must

allege facts setting forth how the county's employees or agents acted through an official custom,

pattern or policy that permits deliberate indifference to, or violates, his civil rights or that King

County ratified the unlawful conduct. *Monell v. New York City Dept. of Social Services*, 436

U.S. 658, 690-91 (1978).

**B.    Other Defendants**

Plaintiff's complaint fails to state a claim for relief under § 1983 because it fails to

identify a single named individual. Therefore, any amended complaint must include short, plain

statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the*

*name of the person who violated the right*; (3) exactly what that individual did or failed to do; (4)

*how the action or inaction of that person is connected to the violation of his constitutional rights*;

and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v.*

*Goode*, 423 U.S. 362, 371–72 (1976) (emphasis added).  Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants.  If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff is cautioned that any action brought pursuant to § 1983 must name as defendants only persons acting under color of state or federal law.  *Crumpton*, 947 F.2d at 1420.  Thus, to the extent plaintiff intends to sue any private media outlets, for example, his claims will also be dismissed.

## C.    Challenge to Ongoing State Criminal Action

Plaintiff is further cautioned that he may not challenge the propriety of his underlying state criminal proceedings in a 42 U.S.C. § 1983 lawsuit.  Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).   The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).  Plaintiff's complaint suggests all of the *Younger* criteria are present here:  the proceedings appear to be ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  It therefore appears that this action would improperly interfere with the state criminal proceeding.

**D.      Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim.  42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process.  *Id*.  Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm.  *Id.* at 1120.

Plaintiff's complaint fails to indicate whether a prisoner grievance procedure is available to him, and if so, whether he has filed any grievances before bringing this action in federal court. Thus, **to the extent plaintiff raises claims against state actors at King County Jail**, he is directed in his amended complaint to complete this section of the form and attach information regarding his attempts to exhaust the grievance process.

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. The Court realizes Mr. Cress is proceeding pro se.  Thus rather than simply dismissing the action, the Court grants him permission to show cause why his complaint should not be dismissed or to file an amended complaint to cure the above-mentioned deficiencies by **July 21, 2017.**  The amended complaint must carry the same case number as this one.  **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

//

//

DATED this 23rd day of June, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge