UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARIS PETE,<br><br>      Plaintiff,<br><br>  v.<br><br>KING COUNTY,<br><br>      Defendant. | Case No. C17-909 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Pro se plaintiff Laris Pete, who is currently confined at the King County Jail, has filed a 28 U.S.C. § 1983 prisoner civil rights complaint. Dkt. 5. Mr. Pete contends he was falsely accused of assault in the third degree and a felony violation of a no contact order. He contends he was accused of barricading himself, his children, and their mother in their mother's apartment; and he was tear-gassed. *Id.* He seeks compensation for "being splashed all over the news," for being tear-gassed and incarcerated, for having his children removed and placed in the custody of Child Protective Services, for losing his housing, for loss of wages, and for pain and suffering. *Id.*

The Court declined to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause by July 21, 2017, why his

REPORT AND RECOMMENDATION - 1

1  claim should not be dismissed. Dkt. 6. Plaintiff has failed to do so. The Court recommends that

2  the complaint be dismissed without prejudice for failure to state a claim.

3  **DISCUSSION**

4  To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a

5  violation of rights protected by the Constitution or created by federal statute, and (2) the

6  violation was proximately caused by a person acting under color of state or federal law. *See*

7  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

8  **A.    King County as Defendant**

9  Mr. Pete has named King County as a defendant, but he fails to plead facts linking the

10 county to any misconduct. Plaintiff was advised that if he intended to pursue a claim against

11 King County, he must allege facts setting forth how the county's employees or agents acted

12 through an official custom, pattern or policy that permits deliberate indifference to, or violates,

13 his civil rights or that King County ratified the unlawful conduct. *Monell v. New York City Dept.*

14 *of Social Services*, 436 U.S. 658, 690-91 (1978).

15 **B.    Other Defendants**

16 Mr. Pete's complaint fails to state a claim for relief under § 1983 because it fails to

17 identify a single named individual. Therefore, he was advised that any amended complaint must

18 include short, plain statements telling the Court: (1) the constitutional right plaintiff believes was

19 violated; (2) *the name of the person who violated the right*; (3) exactly what that individual did

20 or failed to do; (4) *how the action or inaction of that person is connected to the violation of his*

21 *constitutional rights*; and (5) what specific injury plaintiff suffered because of that person's

22 conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (emphasis added). He was aslo

23 advised to repeat this process for each person he names as a defendant, including any "John

REPORT AND RECOMMENDATION - 2

Doe" and "Jane Doe" defendants. If a plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Mr. Pete was also cautioned that any action brought pursuant to § 1983 must name as defendants only persons acting under color of state or federal law. *Crumpton*, 947 F.2d at 1420. Thus, to the extent plaintiff intended to sue any private media outlets, for example, he was advised that his claims would be dismissed.

**C.    Challenge to Ongoing State Criminal Action**

Mr. Pete was further cautioned that he may not challenge the propriety of his underlying state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Plaintiff's complaint suggests all of the *Younger* criteria are present here: the proceedings appear to be ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. It therefore appears that this action would improperly interfere with the state criminal proceeding and should be dismissed.

**D.    Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative

REPORT AND RECOMMENDATION - 3

remedies *before* bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Mr. Pete's complaint fails to indicate whether a prisoner grievance procedure is available to him, and if so, whether he has filed any grievances before bringing this action in federal court. He was therefore, directed to include information in his amended complaint information regarding his attempts to exhaust the grievance process. He has failed to do so.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given guidance and an opportunity to plead facts necessary to support his claim, but he has failed to do so. Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.**

A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Monday, August 14, 2017.** The Clerk should note the matter for **Wednesday, August 16, 2017**, as ready for the District Judge's consideration if no objection is filed.

REPORT AND RECOMMENDATION - 4

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  24th  day July, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5